## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Vincent J. LaRocca and | ) | Judge Carol A. Doyle |
| Chrysoula C. LaRocca | ) | |
| | ) | |
| Debtors and Debtors in Possession. | ) | Case No. 08-18032 |
| | ) | |
| _____ | ) | |
| | ) | |
| Steven R. Merkel | ) | |
| Plaintiff, | ) | Adversary No. 08 A 00830 |
| | ) | |
| v. | ) | |
| | ) | |
| Vincent J. LaRocca and | ) | |
| Chrysoula C. LaRocca | ) | Hearing: January 13, 2008 at 10:00 |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT

Plaintiff Steven R. Merkel, by and through his attorneys, Forrest L. Ingram P.C. and

William K. Merkel, and pursuant to Bankruptcy Rule 7055 and Rule 55 of Federal Rules

of Civil Procedure substitutes this REVISED MOTION FOR DEFAULT JUDGMENT

for the previously filed MOTION FOR DEFAULT JUDGMENT and moves this Court to

enter default judgment in favor of Plaintiff and against Defendant, Vincent J. LaRocca.

In support thereof, Plaintiff states as follows:

    1.   On or about October 10, 2008, Plaintiff filed his Adversary complaint in this

matter.

    2.   On or about October 15, 2008, each Defendant was served with a Summons and

Complaint in this matter through their counsel and by mailing the Summons and

Complaint to Defendants' home.

3.  Bankruptcy Rule 7012 states that "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court."

4.  Defendants' answer was due on or before November 14, 2008.

5.  On or about December 2, 2008, counsel for Chrysoula C. LaRocca appeared, and was granted additional leave to answer the complaint.

6.  To this date, no appearance has been filed by Vincent J. LaRocca, and he remains in default..

7.  Plaintiff hereby seeks entry of default judgment against Vincent J. LaRocca on the following counts.

**I.  Mr. LaRocca Should Not Be Granted Discharge Pursuant to 11 U.S.C. §
727(a)(4)(A) for Failure to Properly Disclose Earnings.**

8.  Debtors' Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, filed on July 14, 2008, stated that Mr. LaRocca received no income during the six months before filing for bankruptcy.  (See Form 22A attached hereto as Exhibit A.)

9.  Mr. LaRocca, by signing the declaration of electronic filing, authorized the filing of this form and declared under oath that he earned no income from January 1, 2008 through June 30, 2008.  (See Declaration of Electronic Filing, attached hereto as Exhibit B.)

10. However, investigation of A1 Construction of Chicagoland, Inc.'s ("A1's") Statement of Financial Affairs reveals the following information in Item #3(c):

| | | |
|---|---|---|
| **Vincent LaRocca 6/2007 - 2/08 Secretary** | **Bonus** | **5,700.00** |
| **Vincent LaRocca 6/2007 - 5/08 Secretary** | **Reimbursements** | **13,998.00** |

**Vincent LaRocca 6/2007 - 5/29/08        Payroll                73,000.00**

(A complete copy of the Statement of Financial Affairs filed in Case No. 08-17349 is attached hereto as Exhibit C.)

11. Further, in the LaRoccas' personal bankruptcy case, no. 08-18032, Mr. LaRocca listed his income for 2007 at $30,000.00 in the Statement of Financial Affairs. (Statement of Financial Affairs filed in Case No. 08-18032 is attached hereto as Exhibit D.)

12. Accordingly, and at a minimum, $43,000.00 of the $73,000.00 that Mr. LaRocca earned between June, 2007 and May 29, 2008 must have been earned in 2008.  If Mr. LaRocca's bonus of $5,700.00 (see paragraph 10) is included in income, $48,700.00 of the $78,700.00 that Mr. LaRocca earned between June, 2007 and May 29, 2008 must have been earned in 2008.

13. In a statement made under oath in Case No. 08-18032, Mr. LaRocca  declared under penalty of perjury that he earned no income in 2008.

14. Thus, Mr. LaRocca knowingly and fraudulently made a false oath and, therefore, his discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

## II. Mr. LaRocca Should Not Be Granted Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A) for Money Obtained Under False Pretenses and False Representation

15.  Plaintiff's payment of $1,000.00 via personal check made out to Mr. LaRocca should be excepted from discharge, pursuant to 11 USC § 523(a)(2)(A), on the following grounds.

16. On or about May 8, 2008, Mr. LaRocca solicited and received from Plaintiff two separate checks, one for $10,000, payable to Al Construction of Chicagoland, Inc. (Attached hereto as Exhibit E), and another for $1,000 payable to Mr. LaRocca, personally (attached hereto as Exhibit F).

17. While Mr. LaRocca indicated to Plaintiff that the smaller check was to obtain permit(s) and a plat of survey, he specifically directed Plaintiff to make the check out to Vince LaRocca, personally.

18. Despite receiving the $1,000 and $10,000 checks from Steven R. Merkel on the same day (May 8, 2008) and during the same transaction, Mr. LaRocca presented the checks to different banks and used distinct bank accounts to obtain the proceeds of those checks (Exhibits E and F).

19. In its petition for bankruptcy filed July 3, 2008, A1, the company in which Mr. LaRocca was an officer, listed the $10,000 as a debt owed to creditor Steven R. Merkel. A1's petition for bankruptcy did not identify the $1,000 payment as a debt owed to Steven R. Merkel.

20. Although Mr. LaRocca's solicitation of the $1,000 check from the Plaintiff was based on a business-related venture, he requested that the check be made payable to him, personally.

21. Proceeds from the check for $1,000.00 made payable to Vincent LaRocca were deposited in a bank account that differed from the bank account into which the proceeds from the $10,000.00 check made payable to A1 were deposited (see cancellation marks in Exhibits E and F).

22. Moreover, the bank accounts used to obtain the proceeds of the $10,000 and $1,000 checks tendered by Steven Merkel were accounts maintained in different banks (see cancellation marks in Exhibits E and F).

23. In the bankruptcy petition of A1 Construction of Chicagoland, Inc., Schedule B – Personal Property, the company lists a single checking account associated with the

business (Exhibit G).

24. Had Mr. LaRocca intended the solicitation to come on behalf of A1, he would not have asked for two separate payments, one to the company, and one to him, personally, he would not have used separate bank accounts at different banks to obtain the proceeds of those two checks, and the bankruptcy petition of A1 would have listed the $1,000 debt as well as the $10,000 debt owed to Mr. Merkel.

25. The fact that Mr. LaRocca requested that a separate check be made payable to him, that distinct accounts at different banks be used to obtain the proceeds of those two checks, that one of those two accounts could not be associated with A1, and that the $1,000 debt owed to Mr. Merkel not be listed on A1's bankruptcy petition show that the company was not the intended beneficiary of this money, nor was A1 soliciting this payment.

26. Accordingly, the $1,000 debt owed to Plaintiff is a personal debt of Vincent LaRocca.

27. Plaintiff never received any information or work from Mr. LaRocca for the $1,000 payment.

28. Mr. LaRocca was already aware of his poor financial condition when he induced Plaintiff to write him a personal check, and never intended to perform in consideration of the $1,000 tendered by Plaintiff.

29. In light of Mr. LaRocca's insistence that the payment be made to him, <u>personally, and the evidence that Mr. LaRocca treated the proceeds of the $1,000 payment as personal and not company assets,</u> Plaintiff is entitled to except this amount from Mr. LaRocca's discharge as money obtained under false pretenses.

30. Because Mr. LaRocca never responded to the complaint, Plaintiff is unable to obtain discovery to confirm that the check was deposited into a personal bank account.

31. Therefore, because Mr. LaRocca chose to disregard Plaintiff's complaint, Plaintiff is entitled to default judgment.

32. Plaintiff Steven R. Merkel respectfully requests that this Court except his payment of $1,000 made personally to Mr. LaRocca from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

33. **WHEREFORE,** plaintiff Steven R. Merkel, respectfully requests that this Court:

    (i)       deny Debtor Vincent J. LaRocca   discharge of all his debts pursuant to 11 U.S.C. § 727(a)(4);

    (ii)      in the alternative, declare the debt owed by Vincent J. LaRocca to Steven R. Merkel non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B); and

Respectfully submitted,

STEVEN R. MERKEL

By:    /s/  Forrest L. Ingram
       One of his attorneys

Forrest L. Ingram #3129032
Helena Milman
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 1210
Chicago, IL 60603-4907
(312) 759-2858

William K. Merkel #6225636
532 N. Spring
LaGrange Park, IL  60526
(708) 579-9659

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Vincent J. LaRocca and | ) | Judge Carol A. Doyle |
| Chrysoula C. LaRocca | ) | |
| | ) | |
| Debtors and Debtors in Possession. | ) | Case No. 08-18032 |
| ——————————————————— | ) | |
| | ) | |
| Steven R. Merkel | ) | |
| Plaintiff, | ) | Adversary No. 08 A 00830 |
| v. | ) | |
| Vincent J. LaRocca and | ) | |
| Chrysoula C. LaRocca | ) | Hearing: January 13, 2008 at 10:00 |
| Defendants. | ) | |

**ORDER REGARDING PLAINTIFF'S REVISED MOTION FOR DEFAULT
JUDGMENT**

This matter came to be heard on **Plaintiff's Revised Motion for Default Judgment,** due

notice having been given and the Court being fully advised in these premises,

**IT IS HEREBY ORDERED:**

1.      Debtor Vincent J. LaRocca's discharge of all his debts pursuant to 11 U.S.C

727(a)(4) is denied;


2.      In the alternative, the debt owed to Steven R. Merkel by Vincent J. LaRocca is
declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B); and


Dated:                                                    BY THE COURT



                                                    ————————————————————
                                                    The Honorable Carol A. Doyle
                                                    U.S. Bankruptcy Judge


This document was prepared by Forrest L. Ingram, P.C.